The next case on our calendar for argument is Hai Dong Lee v. Alibaba Group Holding. Thank you. Is it Mr. Yeh? Yeh? Yes, name Yeh. Yeh name is Chinese odd. Thank you. Good morning, your honors. My hearty appreciation for the court to offer me with such a valuable and precious opportunities. And first of all, I want to express my apology because until the last minute, I start understanding the court's decision upon the appellee's motion for affirmance. And the district court has obviously abused its discretion as a gatekeeper. And it issued the pre-suit injunction and to restrict or to completely bar the plaintiffs exercising its rights to sue. And the district court, as my opponent correctly pointed out, has a discretion of power to issue such a pre-suit injunction order. However, something is missing in this district court's decision because the district court failed to offer the plaintiff with the opportunity of hearing and the opportunity of show cause. Can I just jump in for a moment? This, when the district court issued this injunction, this pre-litigation, this pre-filing injunction, it was in response to a motion for sanctions, wasn't it? And in the motion for sanctions, this was one of the things that was requested. And so you did have the opportunity to respond to the motion for sanctions where this was first raised, correct? Yes, your honor. And in Iwatu versus NYSDMV, that is a 2005 case issued, granted by this honorable court, which said, now withstanding the support for an empty filing injunction in these circumstances, fairness dictates that a respondent to be given notice and an opportunity to be heard. And also, I believe in the responsive briefing, the appellee just focused upon one issue and one case. That case is SAFIR versus United Line Company. A 1986 case. And in that case, even that case is distinguishable. Because in that case, the plaintiff filed a lot of numerous actions in district court. And also, in that case, the plaintiff was given a show-course hearing. It is said, unless plaintiff can showcase, and then the injunction, there would be no injunction. And I think that this mistake, also there is a leading precedent in Fourth Circuit, which said the pre-suit injunction sanction is of extraordinary relief. Therefore, it can only be sparingly granted. Yes, sir. And isn't he, if I may, isn't it narrow? Because it's not that your client can't file any lawsuit on a different topic, or that he can't even file any lawsuit on this topic. If he wants to file a lawsuit on this topic, he needs leave. And he can file in any court, wherever he wants, on something completely different. And the case law that I have seen that says that it was not used sparingly enough, they're much broader injunctions. Yes, Your Honor. But the district judge seemingly gave the plaintiff such a slight ajar of the window. But however, it immediately denied the plaintiff's appellant's motion to file in the state court. And also, the mistake triggering the district court to make such a perceived mistakes by ripping off plaintiff's opportunity to be heard and to provide evidence, because the appellee failed to distinguish the system. The appellee's basis in support of its motion to dismiss is that the plaintiff filed more than 20 litigations in China. They didn't pinpoint that legal systems in China, the legal culture in China, in totalitarian system is completely different from that due process in the United States. In China, even the genocide crimes cannot be defended in Xinjiang autonomous area. And a lot of people have, you know, the whole nation have no due process like we do have in the United States. So citing 20 suits, litigations in China can only prove one thing, one problem, that plaintiff has exhausted the local judicial remedies. That's the only thing that can be proven. On the other hand, the district court made a lot of mistakes, such as, you know, deny the, you know, dismiss the case without giving the plaintiff a fair trial, just based upon 18 USC, you know, just based upon the personal jurisdiction and the subject matter jurisdiction, which does not touch the, you know, critical issues in this case. Another case, another example is that, you know, what they reported, two US case, the plaintiff filed before this action. And one is only survived for one month in the US district court, yes. Yes, I mean, your time is up. I think you reserved a little time for rebuttal. So we'll hear from your adversary now. May it please the court. Good morning, Your Honors. Jonathan Kaplan from Simpson Thatcher and Bartlett for the appellate Alibaba Group Holding Limited. As my colleague has acknowledged, this appeal is limited in scope. This court has already affirmed Judge Broderick's denial of plaintiff's leave, seeking leave to file a new complaint in state court, as well as his dismissal of plaintiff's frivolous amended complaint. In summarily affirming the district court, this court noted that appellant's arguments on those two issues were clearly without merit and directed that this appeal would be limited to the propriety of the district court's leave to file a sanction. Respectfully, appellant's briefing has disregarded that limitation entirely. An appellant has sought to re-argue the merits of the case that was before the district court. So Counselor, is it your position that none of his claims have been adjudicated on the merits at this point? Your Honor, that's correct. Well, so I'm a little bit worried about, or maybe you can provide something that gives me some comfort. What are we supposed to do about sanctions on a matter in which nobody has found anything frivolous yet? Because there's been no adjudication on the merits. So there's been no adjudication as to the merits of the claims. However, the court has found that this is vexatious and frivolous litigation. The district court noted that repeatedly throughout the decision issuing the sanction and noted that the claims on their face were facially deficient and also noted that there were a number of alternative reasons why the case could be dismissed. The court focused on the lack of personal jurisdiction, subject matter jurisdiction. But again, this leave to file a sanction is an independent determination under Cooter, the Supreme Court's decision, holding that it's irrelevant whether or not the decision was on the merits or not for the purposes of the Rule 11 sanction. And if we are to credit your colleague's argument that it really shouldn't be thought of as 20 cases in China but really is only one, would that change the outcome here? It doesn't, Your Honor. In fact, the district court did not even cite that figure of 20 cases in China at all. The district court noted that Plaintiff himself had filed, pleaded that he had filed several litigations in China and lost. That 20 figure was something that we put forward with verified affidavit. However, the court did not even rely on that. It relied on Plaintiff's own words, where he said he filed several litigations in China, lost, and was forced to pay hefty sanctions as a result. I'm sorry, but I'm asking a slightly different question. If we treat those as one matter rather than the number they are, whatever that is, does that change the outcome? It doesn't. Plaintiff also filed numerous litigations in these courts. He filed two other cases in New York prior to this litigation in front of us today. So there have been several. And the courts have found that there is not any specific numerosity requirement that would require Plaintiff to have filed a certain number of litigations to trigger a vexatious litigation anti-suit filing injunction like we have here. This leave to file sanction, it prevents the filing of any suit arising out of the same facts against anyone. So it appears that the federal court has issued an injunction preventing a party from suing in state court somebody who is not even involved in the federal litigation. Does the court have the power to do that? Your Honor, the court has issued injunctions. This court has upheld injunctions preventing individuals from filing lawsuits in state court related to certain subject matters. In this case, there is a particular subject matter limitation that has natural restrictions on the number of parties and the particular parties. So you're saying that a suit on this same subject matter could really not be brought against anyone other than the people who have already been sued here? That's right, Your Honor. That's exactly right. And I believe that's why the district court issued the sanction that it did. This relates specifically to future actions related to or arising from plaintiff's purchase of allegedly counterfeit goods from Alibaba or any entity affiliated with it against any party. That naturally limits the universe of individuals that could be impacted by this. And this court has upheld similar subject matter limitations for other pre-suit injunctions. In other cases, the Elahi case, for example, the actual words of the district court's injunction don't specify the parties it could be asserted against. The Viterec case, that's 789 Federal Appendix 889, again, the court simply said plaintiff was barred from filing additional complaints regarding the 2008 and 2009 tax liability and subsequent lien. Did not specify any particular parties because I think the court recognized that there was a limited number of individuals that could be impacted by this sanction. In your honor, just returning back to the severe factors, which I'll touch on just briefly, plaintiff did not, plaintiff appellant did not brief these, but these are the relevant factors for this court's determination. Just wanted to briefly hit on those and then yield my time. Here, we believe that all five factors have been clearly met. The first factor, whether the litigant has a history of vexatious litigation. Again, we've discussed that this plaintiff has filed numerous lawsuits in China. Plaintiff has also filed multiple lawsuits in the United States. And as soon as the anti-suit filing injunction was issued here, plaintiff promptly sought to file yet another lawsuit against Alibaba related to these same facts. The district will recognize that this is a plaintiff who, if not stopped, will continue to sue Alibaba and its related parties. With respect to the second safe air factor, plaintiff's motive, again, like the Lahue case, appellant's claims were unsuccessful multiple times than other courts. They were unsuccessful previously here, yet he is nonetheless bringing them again and again. There's no likelihood of success in the merits, and he recognizes that. There's not a good faith belief that he will actually win this litigation. The third factor, whether he's represented by counsel. Mr. Yee, my friend, has been representing plaintiff for numerous years at this point, since at least 2020. With respect to the fourth factor, the burden on the judicial system and appellee, this court has recognized repeatedly that this type of litigation that requires a defendant to pay legal fees and to deal with these sorts of frivolous lawsuits do merit an injunction if the situation is warranted. And with the possibility of an alternative sanction, the fifth factor, here, the district court recognized that plaintiff himself pled that he was subject to hefty sanctions in China. That did not deter him from filing this litigation. The district court reasonably used its discretion to determine that a targeted injunction, like we have here, limited to a specific subject matter, was appropriate and necessary to deter this plaintiff from filing future lawsuits. If the court doesn't have any further questions, I'll give the rest of my time. All right. Thank you. Thank you. Yes, Mr. Yee, you have three minutes. I will do the three minutes rebuttal. And I pray to this honorable court to remand this case to district court for abuse of discretion. And I want to pinpoint that what is called repeated and frivolous actions are baseless, groundless. And what they cited, primarily based upon so-called 20 lawsuits in communist totalitarian China. And that was not proven. And there's no hearing, no short-course hearing, as mandated by this judicial circuit, as I cited several key legal authorities. Another thing is that the plaintiff apparently, or defendant apparently, has bad faith to seek for pre-suit injunction sanction. Because we saw, as I presented to this honorable court and district court, that there are at least, reportedly, 7,000 retail chains throughout the United States use Alibaba's Alipay transaction by RMB. The ambitious, strategic ambition by totalitarian Chinese regime is to torpedo the predominance of United States dollars throughout the world. They started this kind of operation in the leading capital of free mankind here on this land. And I presented the colored pictures of Walgreens cashier. They are those RMB transacting machines. And these things are almost spreading not only the Chinese supermarket, but also the United States supermarket in retailing and wholesale services. They're trying to give the green light for such Alibaba is a pioneering force to enforce and implement the Chinese People's Republic of China, the notoriously infamous totalitarian regime, to fight against the United States and trying to defeat our nation, not only by war hardware, but also by intelligence, by financial transactions, to allow these things flooding throughout the United States. The bad motive by the Alibaba seeking for that pre-sued injunction sanction. So this thing must be stopped. We shall not give the green light to allow those totalitarian agents to act freely with free hands throughout the US. So this is a fighting between righteous and evils. And fortunate enough, this honorable court, my special thanks, this honorable court, pinpoint has sharp eyes supporting the problem in procedures. And they didn't give the plaintiff appellant with any opportunity to show course, to argue. And this, for instance, this US district court only last one month. If you could just wrap it up, OK. Starting March, you know, starting March 2018. And then the lawyer defending counsel, Mr. King, was threatened to escape from the case. And the judge dismissed the case not for frivolity, but for the corporate case should be prevented, cannot be by per se. And the judge made it specific that dismissal is without prejudice. OK, I think we understand your argument. Thank you. Thank you to both counsel. We'll take the case under advisement. Thank you.